UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**COURTNEY A. FISHER,**

    **Plaintiff,**

v.                                                  Civil Action No.: 3:10-cv-605

**EQUIFAX INFORMATION SERVICES, LLC,** *et al.*,

    **Defendants.**

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER and AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to Plaintiff's Complaint ("Complaint"), states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Courtney A. Fisher ("Plaintiff") states that she brings claims against Defendants pursuant to the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Experian states that this is a legal conclusion, which is not subject to denial or admission. Experian denies that it is liable to Plaintiff for the requested relief under the FCRA or for any relief whatsoever.

**JURISDICTION, VENUE AND JURY DEMAND**

2. In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Experian states that these are legal conclusions, which are not subject to denial or admission.

3. In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1332. Experian states that these are legal conclusions, which are not subject to denial or admission.

4. In response to paragraph 4 of the Complaint, Experian admits that Plaintiff has alleged that the venue is proper pursuant to 28 U.S.C. § 1391(b) and (c). Experian states that these are legal conclusions, which are not subject to denial or admission.

5. In response to paragraph 5 of the Complaint, Experian admits that Plaintiff has alleged that the court has personal jurisdiction over Defendants. Experian states that this is a legal conclusion, which is not subject to denial or admission.

6. In response to paragraph 6 of the Complaint, Experian admits that Plaintiff demanded a jury trial pursuant to Fed. R. Civ. P. 38. Experian states that this is a legal conclusion, which is not subject to denial or admission.

## PARTIES

7. In response to paragraph 7 of the Complaint, upon information and belief, Experian admits that Plaintiff is a natural person who resides in the Commonwealth of Virginia.

8. In response to paragraph 8 of the Complaint, Experian denies that 15 U.S.C. § 1681a(b) defines the term "consumer." Experian states that whether Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) is a legal conclusion, which is not subject to denial or admission.

9. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 9 of the Complaint and therefore denies the same.

10. In response to paragraph 10 of the Complaint, Experian admits that Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(p). Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 10 of the Complaint and therefore denies the same.

11. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 11 of the Complaint and therefore denies the same.

12. In response to paragraph 12 of the Complaint, Experian admits that TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(p). Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 12 of the Complaint and therefore denies the same.

13. In response to paragraph 13 of the Complaint, Experian admits that it is an Ohio corporation. Experian further admits that it is authorized, and in fact does, conduct business in the Commonwealth of Virginia. Experian further admits that it has a registered agent in the Commonwealth of Virginia.

14. In response to paragraph 14 of the Complaint, Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(p). Experian further admits that it issues "consumer reports" as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, the remaining allegations in paragraph 14 of the Complaint.

## FACTS

15. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 15 of the Complaint and therefore denies the same.

16. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 16 of the Complaint and therefore denies the same.

17. Paragraph 17 of the Complaint is directed at another Defendant, so no response is required from Experian. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 17 of the Complaint and therefore denies the same.

18. Paragraph 18 of the Complaint is directed at another Defendant, so no response is required from Experian. To the extent that a response is required, Experian lacks knowledge or

information sufficient to form a belief about the truth or falsity of the allegations in paragraph 18 of the Complaint and therefore denies the same.

19. Paragraph 19 of the Complaint is directed at another Defendant, so no response is required from Experian. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 19 of the Complaint and therefore denies the same.

20. Paragraph 20 of the Complaint is directed at another Defendant, so no response is required from Experian. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 20 of the Complaint and therefore denies the same.

21. Paragraph 21 of the Complaint is directed at another Defendant, so no response is required from Experian. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 21 of the Complaint and therefore denies the same.

22. Paragraph 22 of the Complaint is directed at another Defendant, so no response is required from Experian. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 22 of the Complaint and therefore denies the same.

23. Paragraph 23 of the Complaint is directed at another Defendant, so no response is required from Experian. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 23 of the Complaint and therefore denies the same.

24.     Paragraph 24 of the Complaint is directed at another Defendant, so no response is required from Experian.  To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 24 of the Complaint and therefore denies the same.

25.     Paragraph 25 of the Complaint is directed at another Defendant, so no response is required from Experian.  To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 25 of the Complaint and therefore denies the same.

26.     Paragraph 26 of the Complaint is directed at another Defendant, so no response is required from Experian.  To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 26 of the Complaint and therefore denies the same.

27.     Paragraph 27 of the Complaint is directed at another Defendant, so no response is required from Experian.  To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 27 of the Complaint and therefore denies the same.

28.     Paragraph 28 of the Complaint is directed at another Defendant, so no response is required from Experian.  To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 28 of the Complaint and therefore denies the same.

29.     Paragraph 29 of the Complaint is directed at another Defendant, so no response is required from Experian.  To the extent that a response is required, Experian lacks knowledge or

information sufficient to form a belief about the truth or falsity of the allegations in paragraph 29 of the Complaint and therefore denies the same.

30. Paragraph 30 of the Complaint is directed at another Defendant, so no response is required from Experian. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 30 of the Complaint and therefore denies the same.

31. Paragraph 31 of the Complaint is directed at another Defendant, so no response is required from Experian. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 31 of the Complaint and therefore denies the same.

32. Paragraph 32 of the Complaint is directed at another Defendant, so no response is required from Experian. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 32 of the Complaint and therefore denies the same.

33. Paragraph 33 of the Complaint is directed at another Defendant, so no response is required from Experian. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 33 of the Complaint and therefore denies the same.

34. Paragraph 34 of the Complaint is directed at another Defendant, so no response is required from Experian. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 34 of the Complaint and therefore denies the same.

35. In response to paragraph 35 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

36. In response to paragraph 36 of the Complaint, Experian admits that it agreed to follow certain procedures for Chapter 7 bankruptcy cases through a case in the Central District of California styled *Terri White v. Experian Information Solutions, Inc.*, case number 05-cv-1070. Except as specifically admitted, Experian denies, generally and specifically, the remaining allegations in paragraph 36 of the Complaint.

37. In response to paragraph 37 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

38. In response to paragraph 38 of the Complaint, Experian denies that it committed any errors or omissions. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 38 of the Complaint and therefore denies the same.

39. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 39 of the Complaint and therefore denies the same.

40. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 40 of the Complaint and therefore denies the same.

41. In response to paragraph 41 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

42. Experian denies that it knowingly transmitted any inaccurate information. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 42 of the Complaint and therefore denies the same.

43. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 43 of the Complaint and therefore denies the same.

## COUNT ONE:
### CLAIM FOR RELIEF
**(Defendants, Equifax, TransUnion and Experian)**
**15 U.S.C. § 1681e[b]**

44. Experian incorporates its responses to the allegations contained in paragraphs 1–43 as if fully set forth herein.

45. In response to paragraph 45 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

46. In response to paragraph 46 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

47. In response to paragraph 47 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

48. In response to paragraph 48 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

49. In response to paragraph 49 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

50. In response to Plaintiff's "WHEREFORE" clause and "Prayer for Relief" section, Experian denies that it is liable to Plaintiff for the requested relief under the FCRA or for any relief whatsoever against Experian.

51. Experian denies any allegation contained in the Complaint that is not expressly admitted by Experian.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
**(Truth/Accuracy of Information)**

All claims against Experian are barred to the extent that all information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE
**(Compliance/Good Faith)**

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

### FOURTH AFFIRMATIVE DEFENSE
**(Indemnification)**

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

Plaintiff cannot recover against Experian to the extent that she failed to mitigate her alleged damages.

### SIXTH AFFIRMATIVE DEFENSE
**(Laches)**

Plaintiff cannot recover against Experian to the extent that the Complaint and each claim for relief therein is barred by laches.

### SEVENTH AFFIRMATIVE DEFENSE
**(Contributory/Comparative Fault)**

Plaintiff cannot recover against Experian to the extent that his damages, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff or an independent intervening cause.

### EIGHTH AFFIRMATIVE DEFENSE
**(Proximate Cause/Estoppel)**

Any damages that Plaintiff may have suffered, which Experian continues to deny, directly and proximately resulted from Plaintiff's conduct. Therefore, Plaintiff is estopped and barred from pursuing the claims alleged in the Complaint against Experian and from recovery of any damages whatsoever as against Experian.

### NINTH AFFIRMATIVE DEFENSE
**(Intervening Superseding Cause)**

If Plaintiff sustained damages, which is specifically denied, then Experian is not liable to the extent that Plaintiff's damages were caused in whole or in part by others for whose conduct Experian is not responsible.

### TENTH AFFIRMATIVE DEFENSE
**(Right to Assert Additional Defenses)**

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

1. That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2. For costs of suit and attorneys' fees herein incurred; and

3. For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**


By: /s/David N. Anthony
David N. Anthony
*Attorney for Experian Information Solutions, Inc.*
Virginia State Bar No. 31696
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of October, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

>Jason M. Krumbein
>1650 Willow Lawn Drive, Suite 300
>Richmond, VA 23230
>Telephone: 804-673-4358
>Facsimile: 804-673-4350
>Email: krumbeinlaw@gmail.com
>
>*Counsel for Plaintiff*
>
>John Willard Montgomery, Jr.
>Montgomery & Simpson, LLLP
>2116 Dabney Rd., Suite A-1
>Richmond, VA 23230
>Telephone: (804) 355-8744
>Email: jmontgomery@jwm-law.com
>
>*Counsel for Equifax Information Services, LLC*

>/s/David N. Anthony
>David N. Anthony
>*Attorney for Experian Information Solutions, Inc.*
>Virginia State Bar No. 31696
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia 23219
>Telephone: (804) 697-5410
>Facsimile: (804) 698-5118
>Email: david.anthony@troutmansanders.com