UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| COURTNEY A. FISHER, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Civil Action No. 3:10-cv-605 |
| EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC, and EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) ) ) ) ) |
|     Defendant. | ) |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC's
ANSWER AND DEFENSES TO COMPLAINT**

Defendant, Equifax Information Services LLC, through its undersigned counsel, for its Answer to Plaintiff's Complaint states as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax Information Services LLC states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax Information Services LLC denies any and all allegations contained in the headings, preliminary statement, and/or unnumbered paragraphs in the Complaint. In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax Information Services LLC responds as follows:

**ANSWER**

1. Equifax admits that Plaintiff brings this action under the Fair Credit Reporting Act and state laws, but denies that Plaintiff can state a claim against Equifax or is entitled to any relief under the Fair Credit Reporting Act or any state laws.

ATL_IMANAGE-7458586.1

2. Equifax admits that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, but denies that Plaintiff can state a claim against Equifax under the Fair Credit Reporting Act.

3. Equifax admits that this Court has jurisdiction, but denies that Plaintiff can state a claim against Equifax under the Fair Credit Reporting Act.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Equifax admits that this Court has personal jurisdiction. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

6. Equifax admits that Plaintiff requests a trial by jury.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Equifax admits the allegations in Paragraph 9.

10. Equifax admits the allegations in Paragraph 10.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

US1900 9166817.1
ATL_IMANAGE-7458586.1

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Equifax denies the allegations in Paragraph 17.

18. Equifax denies the allegations in Paragraph 18.

19. Equifax denies the allegations in Paragraph 19.

20. Equifax denies the allegations in Paragraph 20.

21. Equifax states that Plaintiff's Neiman Marcus account is 90-119 days past due and Saks is 120-149 days past due. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21.

22. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Equifax denies the allegations in Paragraph 23.

24. Equifax denies the allegations in Paragraph 24.

25. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Equifax restates and incorporates its responses to all previous Paragraphs as though fully set forth herein.

45. Equifax denies the allegations in Paragraph 45.

46. Equifax denies the allegations in Paragraph 46.

47. Equifax denies the allegations in Paragraph 47.

48. Equifax denies the allegations in Paragraph 48.

49. Equifax denies the allegations in Paragraph 49.

50. Equifax denies that Plaintiff is entitled to any of the relief identified in his prayer for relief immediately following Paragraph 49 in Plaintiff's Complaint.

## **DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

**FIRST DEFENSE**

Plaintiff's damages, if any, were not caused by Equifax, but by other persons or entities for whom or for which Equifax is not responsible.

**SECOND DEFENSE**

At all times relevant herein, Equifax maintained reasonable procedures in its handling of Plaintiff's consumer credit file.

**THIRD DEFENSE**

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and disputes, and is entitled to each and every defense stated in the Act and any and all limitations of liability.

**FOURTH DEFENSE**

Plaintiff's damages, if any, are caused by her own acts or omissions, or the acts or omissions of third parties other than Equifax.

**FIFTH DEFENSE**

Some or all of plaintiff's claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681h(e).

**SIXTH DEFENSE**

Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. §1681n.

**SEVENTH DEFENSE**

Plaintiff's Complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections

mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

### EIGHTH DEFENSE

Plaintiff cannot establish the standard of willfulness under the Fair Credit Reporting Act as articulated by the Supreme Court in Safeco Insurance Co. of America v. Burr, 127 S. Ct. 2201 (2007).

### NINTH DEFENSE

Plaintiff failed to mitigate her damages, if any.

### TENTH DEFENSE

Equifax denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

### ELEVENTH DEFENSE

Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1)   Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiffs;

(2)   That Equifax be dismissed as a party to this action;

(3)   That this lawsuit be deemed frivolous and Equifax recover from plaintiffs its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4)    That Equifax recover such other and additional relief, as the Court deems just and appropriate.

This 5th day of November, 2010.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com

US1900 9166817.1
ATL_IMANAGE-7458586.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of November, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jason Meyer Krumbein
Krumbein Consumer Legal Services Inc.
1650 Willow Lawn Dr Suite 300
Richmond, VA 23230

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
Montgomery & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com

US1900 9166817.1
ATL_IMANAGE-7458586.1