IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

COURTNEY A. FISHER,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC
TRANSUNION, LLC
EXPERIAN INFORMATION SOLUTIONS, INC.

    Defendants.

**Civil No.**

**3:10-cv-00605-JRS**

### DEFENDANT TRANS UNION LLC'S
### ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Trans Union LLC ("Trans Union"), one of the Defendants herein, files its Original Answer and Defenses to Courtney A. Fisher's ("Plaintiff's") Complaint ("Complaint"). The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent possible.

### PRELIMINARY STATEMENT

1.    Trans Union admits that Plaintiff is asserting claims against Defendants under the Fair Credit Reporting Act. Trans Union denies that it violated any of the laws relied on by Plaintiff and denies the remainder of the allegations contained in Paragraph 1 of the Complaint.

### JURISDICTION, VENUE and JURY DEMAND

2.    Trans Union admits that jurisdiction is appropriate in this Court.

3.    Trans Union denies the allegations contained in paragraph 3 of the Complaint.

4.    Trans Union admits that the venue is appropriate in this Court. However, Trans Union reserves the right to seek a transfer of this matter pursuant to 28 U.S.C. §1404.

5.    Trans Union admits that this court has personal jurisdiction over Trans Union.

6.    Trans Union admits that Plaintiff requests a trial by jury.

## PARTIES

7.      Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore, denies the same.

8.      Trans Union admits Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(b) and (c).

9.      Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore, denies the same.

10.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10, including subparts a. and b., and therefore, denies the same.

11.     Trans Union admits the allegations contained in paragraph 11 of the Complaint.

12.     Trans Union admits the allegations contained in paragraph 12 of the Complaint.

13.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore, denies the same.

14.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore, denies the same.

## FACTS

15.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore, denies the same.

16.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore, denies the same.

THE EQUIFAX REPORTINGS

17.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore, denies the same.

18. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore, denies the same.

19. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and therefore, denies the same.

20. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and therefore, denies the same.

21. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and therefore, denies the same.

22. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore, denies the same.

23. Trans Union denies the allegations contained in paragraph 23 of the Complaint.

24. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore, denies the same.

25. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and therefore, denies the same.

THE TRANSUNION REPORTINGS

26. Trans Union denies the allegations contained in paragraph 26 of the Complaint.

27. Trans Union denies the allegations contained in paragraph 27 of the Complaint.

28. Trans Union denies the allegations contained in paragraph 28 of the Complaint.

29. Trans Union denies the allegations contained in paragraph 29 of the Complaint.

30. Trans Union denies the allegations contained in paragraph 30 of the Complaint.

31. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the him contained in paragraph 31, and therefore, denies the same.

32. Trans Union denies the allegations contained in paragraph 32 of the Complaint.

33. Trans Union denies the allegations contained in paragraph 33 of the Complaint.

34. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34, and therefore, denies the same.

THE EXPERIAN REPORTINGS

35. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35, and therefore, denies the same.

36. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and therefore, denies the same.

37. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and therefore, denies the same.

38. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and therefore, denies the same.

39. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and therefore, denies the same.

40. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and therefore, denies the same.

41. Trans Union denies the allegations contained in paragraph 41 of the Complaint.

42. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and therefore, denies the same.

43. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 43, and therefore, denies the same.

## COUNT ONE: CLAIM FOR RELIEF

**(Defendants Equifax, Trans Union and Experian)**
**15 U.S.C. § 1681e[b]**

44. Trans Union restates and incorporates its responses to paragraphs 1 –43.

45. Trans Union denies the allegations contained in paragraph 45 of the Complaint.

46. Trans Union denies the allegations contained in paragraph 46 of the Complaint.

47. Trans Union denies the allegations contained in paragraph 47 of the Complaint.

48. Trans Union denies the allegations contained in paragraph 48 of the Complaint.

49. Trans Union denies the allegations contained in paragraph 49 of the Complaint.

Trans Union denies the relief sought by Plaintiff in the Prayer paragraph of the Complaint.

**DEFENSES**

50. Plaintiff has failed to state a claim against Trans Union upon which relief can be granted. [Lets be sure and take out the failure to state a claim defense unless it is obvious from the pleading. - especially in N.D. Ala. - we probably need to wait until with can file such motion]

51. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

52. Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

53. Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

54. Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

55. Plaintiff failed to mitigate her alleged damages.

56. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the laws of the Commonwealth of Virginia.

57. Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or o of the FCRA in bad faith or for purposes of harassment.

58. In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

59. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superceding cause.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

DATED:  November 15, 2010            Respectfully submitted,

/s/
MICHAEL R. WARD
Virginia State Bar #41133
Attorney For Defendant Trans Union LLC
Morris & Morris, P.C.
P.O. Box 30
Richmond, VA 23218-0030
Phone  (804) 344-8300
Fax     (804) 344-8539
mward@morrismorris.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 15th day of November, 2010, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

Jason Meyer Krumbein
Krumbein Consumer Legal Services Inc.
1650 Willow Lawn Dr Suite 300
Richmond, VA 23230
804-673-4358
804-673-4350 (Fax)
KrumbeinLaw@gmail.com
*Counsel for Plaintiff*

John Willard Montgomery , Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd, Suite A-1
Richmond, VA 23230
(804) 355-8744
jmontgomery@jwm-law.com
*Counsel for Equifax*

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
804-697-5410
804-698-5118 (Fax)
david.anthony@troutmansanders.com
*Counsel for Experian*

  I further certify that I will cause a copy of the foregoing Motion and corresponding NEF by electronic mail on the following non-filing user: None.

                /s/
                MICHAEL R. WARD
                Virginia State Bar #41133
                Attorney For Defendant Trans Union LLC
                Morris & Morris, P.C.
                P.O. Box 30
                Richmond, VA 23218-0030
                Phone  (804) 344-8300
                Fax     (804) 344-8539
                mward@morrismorris.com